## MORGAN, Appellant, v. OWEN et al.

### Division One, February 22, 1906.

1. **COUNTY COURT RECORDS: Right to Possession: Trespass: Nominal Damages.** The county court is entitled to a free and unconditional access to and use of its records, and to treat as a trespasser anyone who, without official authority, obstructs such access or use. And if in obtaining such use, it by order directs the sheriff to go into the room occupied by one who has formerly been county clerk but whose term has expired, and to whose office another has been elected, and to put him out of the room and to take possession of the books and records, and this order the sheriff executes without violence and with the use of no more force than is necessary, neither the judges of the court nor the sheriff is liable even for nominal damages.

2. ———: ———: ———: **Pleading: Right of Office.** The plaintiff had been county clerk for four years but at the preceding election, at which he was a candidate for re-election, another whose name was printed on the ballot as Henry C. Borchers, who was commissioned as Henry C. Borchers, who usually signed his name C. H. Borchers, who was commonly known as Henry Borchers, and whose real name was Claus Henry Borchers, received a majority of the votes cast for county clerk, and plaintiff refused to surrender the records to him. Thereupon the county court by order directed the sheriff to go into the room occupied by plaintiff, put him out, and take possession of the county court records. Plaintiff sued for damages for forcible trespass, but in his petition made no claim that he was lawfully or peaceably in possession of the records, but alleged that he was forcibly ejected from a room he was lawfully occupying. *Held*, that his petition contains no basis for claim that he was the county clerk, or for a decision between him and Borchers as to which was the lawful clerk.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott.*
Judge.

AFFIRMED.

*Francisco & Clark, W. D. Summers* and *W. W. Graves* for appellant.

(1) The county court had no right to determine who was legally clerk for the county court. Its powers

are purely statutory. It does not possess the powers of a court of general jurisdiction and has not the powers of such either by statute or common law. Const., art. 6, sec. 36; State ex rel. v. Elkin, 130 Mo. 107; State ex rel. v. Harris, 96 Mo. 37; Sears v. Stone County, 105 Mo. 236; Coil v. Fitman's Admr., 46 Mo. 51. (2) (a) The right of Morgan to hold possession of the books as county clerk and to hold possession of the office assigned to county clerk, could not be determined by the county court, and its order to the sheriff was absolutely void. The right to the custody of the books as county clerk and the title to the office could only be determined by a *quo warranto* proceeding in the circuit court, or one of the appellate courts, or some court having the necessary common law jurisdiction. McCrary on Elections, secs. 394, 393, 369, 404; State ex rel. v. Vallins, 110 Mo. 523. (b) Even the circuit court or the Supreme Court would be powerless. The action to remove Morgan could only be instituted by the proper prosecuting officer, and it was a matter of discretion with such officer. State ex rel. v. Talty, 166 Mo. 529. (c) The order under which defendant McDade acted, being void, as the court issuing it had no jurisdiction, would be no protection to him or justify him in ejecting Morgan from the room or assaulting him. Campbell v. Sherman, 35 Wis. 103; Cooley on Torts, 464; Town of Warrensburg v. Miller, 77 Mo. 56; Howard v. Clark, 43 Mo. 344; Howell, Jewett Co. v. Caryl, 50 Mo. 455; Mayes v. Opel, 49 Mo. 190. (d) The clerk is the custodian of the records of his office, not the court. R. S. 1899, secs. 522, 524, 525, 526, 529, 537. (3) (a) The order of the county court was to eject plaintiff and others from the rooms, and the return of the officer was to the effect that he did eject them. It was not the books that they wanted, but it was a high-handed method of trying to determine and of determining the disputed right of Claus Borchers to hold the office of county clerk under the name of Henry Borchers as against W. L. Mor-

gan, county clerk, who held over until his successor was duly elected and qualified. Such order was void. (b) The middle name is no part of the name, and Claus H. Borchers cannot legally be Henry Borchers or Henry C. Borchers.

*R. T. Railey* for respondents.

(1) This court in 1847 in the case of Sparks v. Purdy, 11 Mo. 224, having defined the rights and duties of county courts, and no change having been made in the law since said decision, and no criticism ever having been made by this court in respect to said decision of Sparks v. Purdy, it not only stands as the law of this State as declared by the Legislature, but likewise as construed by this court. Endlich on Interpretation of Statutes, secs. 368-9; Sutherland on Statutory Construction, secs. 255-6, 333; Ruckert v. Railroad, 163 Mo. 261; McKay v. Minner, 154 Mo. 612; Handlin v. Morgan Co., 57 Mo. 116; Camp v. Railroad, 94 Mo. App. 281; Gray v. Tel. Co., 85 Mo. App. 130; Willis v. Trust Co., 169 U. S. 295; McDonald v. Hovey, 110 U. S. 619. It is therefore respectfully submitted that: "Public convenience requires that a summary power to prevent illegal occupation of, and to eject trespassers from, the places designed for the transaction of the business of the county should exist in somebody. It could never have been the intention of the Legislature that the county courts in this State should proceed by ordinary suits at law to obtain possession of the public buildings or parts of them." Sparks v. Purdy, 11 Mo. 224. If, therefore, the county court had the right—as herein contended—to summarily eject the plaintiff from said office as an intruder and to take possession of said office and the records therein, then the plaintiff is not entitled to recover, regardless of all other facts in the case, as there was confessedly no unnecessary force in ejecting him. (2) Defendant Claus

Henry Borchers was duly nominated, placed upon the ticket, voted for, elected, received his certificate of election, received his commission as county clerk, took the oath of office and duly qualified as such. He was, therefore, on January 12th and 13th, 1903, the clerk of said county court, and occupied the same position in respect to said office and records, which the plaintiff himself had formerly occupied in reference thereto. State ex rel. v. Draper, 48 Mo. 215; Bowen v. Hixon, 45 Mo. 344; Winston v. Moseley, 35 Mo. 146; State ex rel. v. Auditor, 34 Mo. 383; 2 Dillon's Mun. Corp. (3 Ed.), sec. 892; People ex rel. v. Thacher, 55 N. Y. 530; State ex rel. v. Kersten, 95 N. W. 121; State ex rel. v. Oates, 57 N. W. 296; Merrill, Mand., secs. 142-3; High's Ex. Legal Remedies (1 Ed.), secs. 74-5; State ex rel. v. Jaynes, 26 N. W. 712; State ex rel. v. Churchill, 15 Minn. 459; State ex rel. v. Sherwood, 15 Minn. 221; Crowell v. Lambert, 10 Minn. 369; McCrary on Elections (4 Ed.), secs. 302 to 319; Kerr v. Trego, 46 Pa. St. 292; Ewing v. Filley, 43 Pa. St. 384; State v. Johnson, 17 Ark. 407. On the admitted facts, plaintiff had no more right, title or interest in the county clerk's office of Benton county than an absolute stranger. Sec. 7030, R. S. 1899; State ex rel. v. John, 81 Mo. 17; State ex rel. v. Clark, 52 Mo. 512. Under the foregoing facts as well as the authorities, supra, the plaintiff was an absolute intruder or usurper and was attempting to hold the office, without even a color of right. The county court, therefore, had the right to summarily eject him from the county clerk's office, as though he were a stranger and intruder. Under the law, the county court and Henry C. Borchers were alone entitled to said office, as well as the records contained therein. The plaintiff, confessedly, on the dates last aforesaid, was an intruder or usurper, on his own admission, was there without authority of law, was guilty of contempt of court in refusing to turn over said office and records, and was likewise guilty of a misdemeanor in office, in

refusing to vacate and turn over the same, with the contents thereof. The court, it is therefore insisted, did not exceed its authority in summarily having him ejected from the office. The records of the county being in said office and in the vault of same, the court could only take exclusive possession of said records and said office by ejecting him from the possession of same. The county court has the control and management of all county property. R. S. 1899, sec. 1777. This includes the county clerk's office. The clerk is subject to all lawful orders of the county court, and is guilty of a misdemeanor if he willfully and wrongfully refuses to obey such orders. State ex rel. v. Bowen, 41 Mo. 217. (3) Henry C. Borchers and defendant Claus Henry Borchers were shown by the uncontradicted testimony to be one and the same person. Defendant Borchers was known throughout Benton county by the name of Henry Borchers. He was known to both plaintiff and his deputy by this name. He made a canvass of Benton county for said office against the plaintiff, and there is not a syllable of evidence in the record, which either proves, or tends to prove, that any voter or any other person was misled on account of his initials. Corrigan v. Schmidt, 126 Mo. 310; Beckner v. McLinn, 107 Mo. 288; Gumm v. Hubbard, 97 Mo. 319; Elting v. Gould, 96 Mo. 541; State ex rel. v. Williams, 95 Mo. 161; Skelton v. Sackett, 91 Mo. 377; Orme v. Shephard, 7 Mo. 606; Smith v. Ross, 7 Mo. 463; Steinmann v. Strimple, 29 Mo. App. 484; Kreitz v. Behrensmeyer, 17 N. E. 249; Wimmer v. Eaton, 72 Iowa 374; McKinnon v. People, 110 Ill. 305; State ex rel. v. Eagan, 91 N. W. 986; Newton v. Newell, 26 Minn. 530; State ex rel. v. Foster, 38 Ohio St. 599; State v. Loser, 104 N. W. 339; McCrary on Elections (4 Ed.), secs. 528 to 531; 10 Am. and Eng. Ency. of Law (2 Ed.), 723-4. In order to carry out and effectuate the intention of the voter, the rule of law is well settled that extrinsic evidence may be introduced for the purpose of showing that Henry C. Borchers and

C. Henry Borchers are one and the same person. Nolan v. Taylor, 131 Mo. 228; State ex rel. v. Williams, 95 Mo. 162; Gumm v. Hubbard, 97 Mo. 319; Bowers v. Smith, 111 Mo. 64; Cooley's Const. Lim. (6 Ed.), pp. 768-9-70; McCrary on Elections (4 Ed.), secs. 528 to 531; 1 Beach, Public Corp., sec. 391.

*Francisco & Clark, W. D. Summers* and *W. W. Graves* for appellant in reply.

As we had anticipated, respondents base their whole case upon the old case of Sparks v. Purdy, 11 Mo. 224. Counsel, however, fails to call the court's attention to the differences between that case and the one at bar. (1) In the Sparks case, Sparks was an appointee of the county court, and had been displaced by them April 15, 1844. Not so here. The people elect the clerks of the county court and that court has no more right to determine who is their clerk than an entire stranger. In the Sparks case the county court had the right to determine who was collector, because the power of appointment was with that body. Not so here. (2) The county court has control over the public buildings and can designate the rooms in which the county recorder, the circuit clerk, the county treasurer and other officers shall have their respective offices. These officers are elected by the people. Does it follow that the county court can say to one of these officers, We recognized some other party as recorder, or circuit clerk, or treasurer, and then direct its sheriff to dispossess them? That is this case. In other words, if the county court can determine who it will recognize as clerk and dispossess the other party who is holding the office, claiming title thereto, on the ground that it has control of the county property, it can likewise dispossess the county clerk, the recorder, the treasurer and all other elective officers. Under respondent's law a political county court would be the whole source of

power. The clerk has the right to determine in the first instance as to whether a successor has been elected, to whom he is required to turn over the office and its belongings. If he determine wrong, a *quo warranto* proceeding in the Supreme Court will determine it within sixty days. State ex rel. v. Hostetter, 137 Mo. 636.

VALLIANT, J.—Plaintiff sues for damages for an alleged trespass *vi et armis*. He says in his petition that on January 13, 1903, he was peaceably and lawfully occupying a certain "room or office in the northwest part of the court house in Benton county" when and where the defendants assaulted, struck and wounded plaintiff and forcibly put him out of the room, whereby he suffered $3,000 actual damages, for which he asks judgment, and asks, also, for $2,000 punitive damages.

The answers of the defendants are substantially to the effect that the plaintiff was in the room in the court house where were the records appertaining to the county court and that he was withholding the same from the county court so as to obstruct the court in the performance of its business, whereupon the court made an order directing the sheriff of the county to put the plaintiff out of the room and take possession of its records, and that the sheriff in obedience to that order, first demanding of plaintiff that he withdraw himself from the room and yield up the records which the plaintiff refused to do, gently laid his hand on the plaintiff and led him out of the room without violence or injury. The answers also assert that the plaintiff had no right to the custody of the records, but that one Claus H. Borchers was the county clerk and entitled to hold the records of the office.

The evidence on the part of the plaintiff tended to show as follows:

For the term next previous to January 1, 1903, the plaintiff had held the office of county clerk; he was

a candidate for re-election at the election in November, 1902, and one Borchers was his opponent. Borchers' name was printed on the official ticket as Henry C. Borchers; he received the majority of the votes cast and was elected. A certificate of election was duly issued to him and forwarded to the Secretary of State. Borchers, as in compliance with the statute, filed in the office of the Secretary of State a list of his election expenses, with his affidavit that it was correct; this affidavit was signed C. H. Borchers. The commission, however, issued to Henry C. Borchers, and he gave bond and qualified accordingly. The man's real name was Claus Henry Borchers, he was commonly known in the county as Henry Borchers, and usually signed his name C. H. Borchers. After receiving his commission and qualifying he demanded possession of the office and plaintiff refused to give it up to him, on the ground of the discrepancy in the name in the commission.

On January 12, 1903, there was a special session of the county court held. That court usually held its sessions in the court room upstairs, though sometimes it had held sessions in the room down stairs where these records were, and which was the apartment in the court house occupied by the county clerk. On this occasion the judges of the county court, with Borchers and the sheriff, assembled in the county clerk's office and opened court. Then the presiding judge called on the brother of the plaintiff, who was present and who had been when the plaintiff was clerk the active deputy in the office, to produce the books needed for the court's business. This brother of the plaintiff informed the court that he would furnish them all the books and records they needed provided they would allow him as deputy for his brother to perform the duties of clerk and recognize the plaintiff as the county clerk, to which the court would not agree. On the next day, January 13th, after some further discussion, the plaintiff's

brother offered to deliver the necessary books of record, etc., to the presiding judge to be taken upstairs for the use of the court, provided the presiding judge would promise to return them to him as soon as the court had finished using them. To this the presiding judge agreed and taking the books and records, all the members of the court went out of the office. In a short while they all came back, bringing the books and records back and saying they would not accept the use of them on those terms.

Afterwards on that day the county court made an order directing the sheriff to go into the room occupied by the plaintiff containing the county court records and put him and his brother out, and take possession of the books and records. This order the sheriff executed without violence; he laid his hand on the plaintiff and led him out into the hall, then returned and led the brother out; neither offered any resistance and the sheriff used no force.

The sheriff and his deputies who were present, the judges of the county court, and the prosecuting attorney, who advised the proceeding, were all joined as defendants in this suit.

The verdict and judgment were for the defendants and the plaintiff appealed.

The main point presented in the briefs for appellant is that the county court had no jurisdiction to try and determine between the plaintiff and Borchers who was the lawful county clerk, nor to adjudge the effect of the mistake in Borchers' Christian name in his commission.

But under the cause of action stated in the plaintiff's petition there was no question as to who was the lawful county clerk or who was the lawful custodian of the records of the county court. Plaintiff in his petition makes no claim to such official character, and has no right to assert it now, and therefore he has no right to say that in ordering him to be put out of the room

the county court was assuming to decide between him and Borchers which was the lawful county clerk. From reading his petition one would never learn that the grievance of which he was complaining was that of the taking out of his possession the records of the county court or despoiling him of his official prerogatives. His complaint is that he was forcibly ejected from a room which he was lawfully occupying "in the peace of the State." The word "office" is used, but in the connection used it signifies room or apartment; the language is "room or office in the northwest part of the court house." There is no claim that he was lawfully or peaceably in possession of the records of the county court, nor is there any claim of damages for being forcibly dispossessed of such records. The action of the sheriff, therefore, under orders from the county court, in separating the plaintiff from the records of the county court was not a violation of that right which the plaintiff asserts in his petition.

On the trial it turned out that the thing really in dispute was not the right to occupy the room, but the right to hold the records; the occupation of the room was only incident to the right to hold the records. The room is significant under the facts of this case only as being the repository of the records. The holding of the room was the holding of the records and nothing more. Under the plaintiff's own evidence if he had no right to hold the records he had no right to hold the room. Yet he sues for damages for dispossessing him of the room without asserting any claim to the right to hold the records. If he had intended to sue the sheriff and the judges for damages for forcibly dispossessing him of the official custody of the records belonging to him as county clerk he should in his petition have asserted a right to that office and tendered that issue.

The county court was entitled to the free and unconditional access to and use of its records and it was entitled to treat any one as a trespasser who, without

official authority, obstructed its access to or use of the same. [Sparks v. Purdy, 11 Mo. 219.] And since the plaintiff's own evidence shows that what the sheriff and the judges of the county court did was nothing more than what was necessary for them to do in order to take possession of their records they are not liable for even nominal damages.

The judgment is affirmed.

All concur.